UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
(609) 989-2009

**NOT FOR PUBLICATION**

August 16, 2017

**LETTER OPINION**

VIA CM/ECF
Jihbin Hwang and all counsel of record

Re:   *Jihbin Hwang v. John T. Chadwick*
      Civil Action No. 17-0467 (MAS) (LHG)

Dear Mr. Hwang and Counsel:

This matter comes before the Court on Defendant John T. Chadwick's ("Defendant") Motion to Dismiss pro se Plaintiff Jihbin Hwang's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 5.) Plaintiff filed opposition (ECF No. 7), and Defendant did not reply. The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, the Court GRANTS Defendant's Motion to Dismiss.

I.   **Background**[1]

Plaintiff is the owner of property located at 48 Hillcrest Boulevard in Warren, New Jersey ("the property"). (Compl. ¶ 1, ECF No. 1.) Defendant is a zoning officer in Warren Township. (*Id.* ¶ 2.) Defendant also runs a business that provides land use testimony for a fee. (*Id.* ¶ 3.) In 2004, Plaintiff hired Defendant to testify at a hearing before the Franklin Township Zoning Board of Adjustment for a variance application. (*Id.* ¶ 5.) Although Defendant was paid in full for his services prior to the hearing, Defendant demanded additional payment after the hearing. (*Id.* ¶ 6.) "[D]efendant is now demanding [that] Plaintiff sign a 'zoning agreement[,]'" which would allow Defendant "to conduct recurring unannounced inspections as a condition for moving into his newly constructed house in Warren Township." (*Id.* ¶ 7.) Plaintiff alleges that he "was coerced by [] [D]efendant to sign the 'zoning agreement' under duress." (*Id.* ¶ 8.) The Complaint further alleges that Defendant "has also recorded the 'zoning agreement' against the property and [is] effectively impos[ing] the same condition on all future buyers of the property." (*Id.* ¶ 9.)

On January 23, 2017, Plaintiff filed a Complaint alleging that "Defendant has violated [] Plaintiff's constitutional rights to ownership use, enjoyment[,] and disposal of [his] private property under the First, Fifth[,] and Fourteenth Amendments of the United States Constitution

---

[1] For the purpose of the instant Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The allegations included in this section are taken directly from Plaintiff's Complaint.

pursuant to 42 U.S.C. §[§] 1983-1986[,] the New Jersey State Constitution, and the New Jersey Civil Rights Act." (*Id.* ¶¶ 11, 12.) The Complaint also alleges that "Defendant's action has seriously diminished the value of the property." (*Id.* ¶ 10.) On March 15, 2017, Defendant filed a Motion to Dismiss seeking to dismiss the Complaint in its entirety, arguing that the doctrines of res judicata, *Rooker-Feldman*, and claim preclusion bar the claims alleged in the Complaint. (Def.'s Moving Br. 9-13, ECF No. 5-1.)

## II. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction[.]" *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true, and determines whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891.

On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court is to conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

## III. Discussion[2]

Defendant argues that Plaintiff has "filed two unsuccessful suits on the same subject matter and against the same party defendant." (Def.'s Moving Br. 9.) Defendant, therefore, contends that the doctrine of res judicata applies and the claims "cannot be brought again under a Complaint that identifies the same fact pattern as the basis of [Plaintiff's] grievance." (*Id.*) Res judicata bars a suit if: "(1) the judgment in the prior action [is] valid, final, and on the merits; (2) the parties in the

---

[2] Generally, courts must be mindful of a litigant's pro se status when examining pleadings filed by the pro se litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As such, pro se complaints and pleadings are liberally construed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 322 (3d Cir. 2001). In the instant case, Plaintiff is proceeding pro se. Given the liberal construction afforded to pro se complaints and pleadings, the Court conducted a searching review of Plaintiff's Complaint in an attempt to ascertain plausible claims.

2

later action [are] identical to or in privity with those in the prior action; and (3) the claim in the later action . . . grow[s] out of the same transaction or occurrence as the claim in the earlier one." *Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 378 (D.N.J. 2006); *see also Garris-Bey v. Aurora Loan Servs., LLC*, No. 11-6115, 2012 WL 694719, at *2 (D.N.J. Mar. 1, 2012).

Here, Plaintiff alleges claims against Defendant that are based on a "zoning agreement" that relates to the Certificate of Occupancy associated with the property. (Compl. ¶¶ 1-10.) The same underlying issues were addressed in *New Jersey Chinese Community Center v. Township of Warren, et al.*, No. 15-7368 (the "first federal action"). The first federal action included Defendant as a named defendant, and challenged the Township of Warren's Certificate of Occupancy for the property and the state court's ruling that no Certificate of Occupancy needed to be issued unless and until the property was back under the ownership of the individual who secured the variance for the property and was being used solely for single family use. (Def.'s Moving Br., Ex. G., at 58, ECF No. 5-2.) The Honorable Peter G. Sheridan, U.S.D.J. presided over the case, and outlined the relevant procedural background from the various state court proceedings and the facts before the court prior to dismissing the Complaint without prejudice based on standing and the *Younger* abstention doctrine.[3] *See* Oral Arg. Tr. 43:20- 52:8, *N.J. Chinese Cmty. Ctr. v. Twp. of Warren, et al.*, No. 15-7368, ECF No. 42.

In the first federal action, similar to the present action, Plaintiff and Defendant were both parties, the action related to the property located at 48 Hillcrest Boulevard, and the complaint alleged claims that encompass the claims now before the Court. Additionally, the Complaint in this matter alleges that "[D]efendant is now demanding [that] Plaintiff sign a 'zoning agreement[,]'" which would allow Defendant "to conduct recurring unannounced inspections as a condition for moving into his newly constructed house in Warren Township." (Compl. ¶ 7.) The complaint in the first federal action also alleged claims against Defendant that related to the "zoning agreement" that accompanied the Certificate of Occupancy issued to the property.[4] Further, Judge Sheridan referenced the inspections at issue and acknowledged that the issue had been decided by the Honorable Yolanda Ciccone, A.J.S.C., and was before the New Jersey Appellate Division.[5] *See* Oral Arg. Tr. 49:11-21, *N.J. Chinese Cmty. Ctr. v. Twp. of Warren, et al.*

---

[3] For the purposes of this Motion only, the Court adopts the procedural history of the first federal action as outlined by Judge Sheridan and incorporates it herein. *See* Oral Tr. 43:24-46:24, *N.J. Chinese Cmty. Ctr.*, No. 15-7368, ECF No. 42.

[4] In her state court opinion, Judge Ciccone noted that "other provisions may be necessary as the case proceeds, such as Plaintiff submitting to recurring inspections to ensure compliance with the applicable zoning requirements and all other 'prior approvals.'" (Def.'s Moving Br., Ex. C, at 4, ECF No. 5-2.)

[5] On May 29, 2015, Judge Ciccone issued a decision in the state court proceedings, and the plaintiffs appealed. (Def.'s Moving Br., Exs. D, E, ECF No. 5-2.) Thereafter, on July 22, 2016, the New Jersey Appellate Division issued an opinion on the matter. (Def.'s Moving Br., Ex. F, ECF No. 5-2.)

The Court finds that: (1) the judgments in the state and first federal actions[6] are valid, final, and on the merits; (2) Plaintiff and Defendant were parties in both of the referenced actions; and (3) the claims in the instant action arise from the same transaction or occurrence—namely that the "zoning agreement" relates to the Certificate of Occupancy associated with the property—as the claims in the state court and first federal actions. *See Hutchinson*, 410 F. Supp. 2d at 378. Accordingly, the Court concludes that Plaintiff's "zoning agreement" claims that relate to the Certificate of Occupancy associated with the property are barred by the doctrine of res judicata. *See Garris-Bey*, 2012 WL 694719, at *2. The Court, therefore, grants Defendant's Motion to Dismiss for lack of subject matter jurisdiction, as "the [C]omplaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa*, 67 F. Supp. 2d at 438.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss. An order consistent with this Letter Opinion will be issued.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[6] On June 8, 2016, Judge Sheridan entered an order dismissing the first federal action and terminating the case. (Def.'s Moving Br., Ex. H, ECF No. 22.) On October 26, 2016, Judge Sheridan denied the plaintiffs' motion to reopen the case. (*Id.*) Subsequently, the plaintiffs in the first federal action, which included Plaintiff, appealed the court's decision and the matter is currently on appeal before the Third Circuit. *See* Notice of Appeal, *N.J. Chinese Cmty. Ctr.*, No. 15-7368, ECF No. 41.

4